WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bartlett Elliott,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Social Security Administration,<br><br>　　　　　　　Defendant. | No. CV 12-08105-PCT-JAT<br><br>**ORDER** |

　　　Pending before the Court are (1) Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 9); (2) Plaintiff's Motion to Strike the Motion to Dismiss for Lack of Jurisdiction (Doc. 10); (3) Plaintiff's Motion for Mandatory Injunction (Doc. 13) and (4) Plaintiff's Motion to Strike Response in Opposition to Motion (Doc. 16).

　　　On May 29, 2012, Plaintiff filed a Complaint alleging that the "Social Security Administration has decided for [Plaintiff] to continue with the stewardship association" and this decision violates "[Plaintiff's] U.S. Constitution, Bill of Rights, and Declaration of Independence; my right to life, liberty, and the pursuit of happiness." Doc. 1. Plaintiff further alleges that he has informed the Social Security Administration that "he is no longer at the Verde Vista Care [and] Rehab" and that he needs his social security check in the amount of $1,074.00 each month. Doc. 1. These allegations represent the entirety of Plaintiff's allegations, aside from a prayer of relief requesting relief in the amount of $1,000,000.00 in damages.

　　　Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rules of

Civil Procedure 8(a) and 12(b)(1). Defendant argues that Plaintiff's Complaint should be dismissed because he has failed to state a claim upon which relief can be granted. Defendant further argues that Plaintiff has failed to exhaust his administrative remedies and the Court thus lacks subject matter jurisdiction pursuant to 42 U.S.C. section 405(g).

Plaintiff moves to strike Defendant's Motion to Dismiss. Plaintiff does not cite to any legal authority under which it would be appropriate to strike Defendant's Motion to Dismiss. Rather, Plaintiff's Motion to Strike merely adds additional allegations to his Complaint. Accordingly, because Plaintiff has failed to identify any reason to strike Defendant's Motion to Dismiss, Plaintiff's Motion to Strike Defendant's Motion to Dismiss is denied.

### I. Whether Dismissal is Appropriate under Federal Rules of Civil Procedure 12(b)(6) and 8(a)

#### A. Legal Standard

The Court may dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plaint statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a

speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Rule 8's pleading standard demands more than "an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal,* 556 U .S. at 678. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), a court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, courts do not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

**B.     Analysis**

In this case, Plaintiff has failed to identify any legal theory under which he is seeking relief. Although Plaintiff states that this Court has jurisdiction because his claim "comes under the United States Constitution, Bill of Rights, and Declaration of Independence (the right to life, liberty and pursuit of happiness)" (Docs. 10, 1, 16, 13), Plaintiff fails to link these "theories" to any facts in his Complaint or explain his legal theories in any meaningful way. Further, it appears from Plaintiff's pleadings, motions, and responses that the central allegation of his Complaint is that he is not receiving his social security check. Plaintiff has failed to state any other facts or actions by Defendant

that would give Defendant notice of any possible claims that Plaintiff may have against it. The allegations in Plaintiff's complaint amount to allegations consisting of statements that the Defendant unlawfully harmed him, without articulating any facts as to how Defendant harmed him and/or how such harm entitles Plaintiff to legal relief. Accordingly, Plaintiff's Complaint must be dismissed because Plaintiff has failed to identify any cognizable legal theory.

## II. Leave to Amend

Plaintiff has not requested leave to amend his Complaint. Further, Plaintiff has lost his opportunity to amend his complaint once as a matter of course under Federal Rule of Civil Procedure 15(A)(1). Plaintiff has not filed a motion to amend his complaint in compliance with Federal Rule of Civil Procedure 15(a)(2) and LRCiv 15.1.

Further, Defendant argues that any possible amendment would be futile because Plaintiff has failed to exhaust his administrative remedies. When a Plaintiff requests leave to amend, the Court must consider the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

In this case, even if Plaintiff had properly requested leave to amend, the Court finds that any amendment would be futile because Plaintiff has failed to exhaust his administrative remedies for any claims against Defendant.[1]

Defendant attached the Declaration of Iris Greene ("Greene"), a District Manager

---

[1] The Court notes that it has considered a Declaration and letters attached to Defendant's Motion to Dismiss (Doc. 9) solely in determining whether Plaintiff is required to exhaust his administrative remedies. *See McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988) (On a motion to dismiss for lack of subject matter jurisdiction, a district court may consider matters outside the pleadings without converting the motion into one for summary judgment under Federal Rule of Civil Procedure 56.), *cert. denied,* 489 U.S. 1052 (1989); *see also Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1088 (9th Cir. 2012) (In addressing an unenumerated motion to dismiss for failure to exhaust, "a court may look beyond the pleadings and decide disputed issues of fact.").

of the Social Security Administration's ("SSA") Prescott Office, to its Motion to Dismiss. Green avows that she has reviewed Plaintiff's file and has determined that Plaintiff has been entitled to Social Security Disability Insurance Benefits since January 1986 and the SSA appointed a Stewardship Association to serve as Plaintiff's representative payee in January 2011. (Doc. 9-1 at ¶¶ 3-7). On April 13, 2012, Plaintiff asked to serve as his own payee and the SSA denied this request. (*Id.* at ¶ 9). The SSA sent Plaintiff notices of its decision on May 1, May 24, and July 2, 2012. (*Id.* at ¶ 10). Although, there is a procedure for Plaintiff to appeal the SSA's decision, Plaintiff has not done so. (*Id.* at ¶ 12).

Defendant argues that, pursuant to 42 U.S.C. § 405(g) and (h), Plaintiff is only entitled to judicial review of the final decision of the Social Security Commissioner and, thus, the Court lacks subject matter jurisdiction over Plaintiff's claims until such time as he has exhausted his administrative remedies. Defendant further argues that Plaintiff has not completed the administrative review process provided for in 20 C.F.R. section 404.900 and, thus, he has not exhausted his administrative remedies.

In his Motion to Strike Defendant's Motion to Dismiss, Plaintiff suggests that pursuing administrative review with the Social Security Administration "would take months to reply to Plaintiff, as excessive paperwork would slow down any lawsuit. Plaintiff needs his money A.S.A.P." (Doc. 10 at ¶¶ 3-4). Plaintiff cites to no authority entitling him to relief from his duty to exhaust his administrative remedies simply because the review process may be time consuming.

Accordingly, allowing Plaintiff leave to amend would be futile because the Court lacks jurisdiction over Plaintiff's claims until he has exhausted his opportunity for administrative review with the Social Security Administration.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 9) is granted. This case is dismissed without prejudice to Plaintiff refiling, if

appropriate, after his administrative remedies have been exhausted. The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike the Motion to Dismiss for Lack of Jurisdiction (Doc. 10) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Mandatory Injunction (Doc. 13) is denied as moot.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Strike Response in Opposition to Motion (Doc. 16) is denied as moot.

Dated this 2nd day of November, 2012.

_____
James A. Teilborg
United States District Judge